# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Robert Sturgis, and Matthew Travis Houston, | Case No.: 2:25-cv-01265-APG-BNW |
| Plaintiffs | **Order Dismissing Plaintiff Houston from this Action and Instructing Remaining Plaintiff How to Proceed** |
| v. | |
| James Dzurenda, et al., | [ECF No. 1] |
| Defendants | |

## I.    DISCUSSION

Robert Sturgis initiated this case with an incomplete application to proceed *in forma pauperis* and a document titled declaration/affidavit for class action suit that appeared to have been prepared by another inmate named Mathew Travis Houston. ECF Nos. 1, 1-1.  The magistrate judge directed Sturgis to file a complete application to proceed *in forma pauperis* as well as a complaint. ECF No. 3.

In response, Matthew Houston filed a complaint listing himself and Mathew Sturgis as plaintiffs, and he filed an application to proceed in forma pauperis for himself to which he added Robert Sturgis's name. ECF Nos. 4, 5.  In both documents Houston stated that Sturgis had given him "signatory consent." *Id.*

I now address Houston's vexatious litigant status, explain why a pro se inmate cannot sign on another litigant's behalf, dismiss Houston from the case, and give Sturgis an extension to file his own complaint and application to proceed in forma pauperis.

### A.    Houston is a vexatious litigant.

As he is aware, Houston is subject to a vexatious litigant pre-filing order issued by Judge Dorsey. *See Houston v. Encore Event Technologies, et al.*, 2:22-cv-01740-JAD-EJY, ECF No.

30.  Under that order, before Houston can file a new action in this court "using any pages he has already filed in another case," he must satisfy three conditions:

> • Apply to the Chief Judge of this district for leave to file the document by submitting to the clerk's office an application bearing the title "Application to Chief District Judge Seeking Leave to File."
> • That application must be supported by a declaration from Houston, made under penalty of perjury, stating that: (1) the matters asserted in the new complaint or petition are different from those asserted in the actions he has previously filed in this district; (2) the new claim or claims are not frivolous or made in bad faith; (3) he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims.
> • Houston must attach a copy of [Judge Dorsey's] order to any such application.

*Id.* at 8.  Under that order, "the Clerk of Court is authorized to reject, refuse to file, and discard any new case-commencement document submitted without prior compliance with this order." *Id.* at 9.

The declaration/affidavit for class action suit filed to initiate this case was previously filed in some of Houston's other cases. *Compare* ECF No. 1-1 *with Houston v. State of Nevada* 3:25-cv-00053-ART-CSD ECF No. 6 at 12-15 and *Houston v. Dzurenda* 3:25-cv-00027-ART-CSD at ECF No. 5.  Houston did not make any attempt to comply with the pre-filing order. Instead, he attempted to bypass the pre-filing requirements by filing this lawsuit with another inmate who has not been deemed a vexatious litigant as the lead plaintiff.  Because Houston has not complied with the pre-filing order, I dismiss or deny all documents filed by Houston and those filed on his behalf without prejudice.  Additionally, I dismiss Houston from this action without prejudice for failing to comply with the pre-filing order requirements.

**B.    Pro se inmates must sign document themselves.**

It is unlawful for a person to practice law in Nevada unless that person is an "active member of the State Bar of Nevada or otherwise authorized to practice law in this state pursuant

to the rules of the Supreme Court." Nev. Rev. Stat. § 7.285(1)(a).  It is well-established in both

Nevada state courts and the federal courts that an individual may represent himself or herself in

court but there is no rule or statue that permits a non-attorney to represent any other person in

court. *See Guerin v. Guerin*, 993 P.2d 1256, 1258 (Nev. 2000) (holding that "[a]lthough an

individual is entitled to represent himself or herself in the district court, *see* SCR 44, no rule or

statute permits a non-attorney to represent any other person, a company, a trust, or any other

entity in the district courts or in this court"); 28 U.S.C. § 1654 (providing that pro se litigants

have the right to plead and conduct their own cases personally); *Cato v. United States*, 70 F.3d

1103, 1105 n.1 (9th Cir. 1995) (noting that "a non-attorney may appear only in her own behalf").

As such, if an inmate intends to proceed pro se in this action, each individual inmate must sign

his or her name on each document submitted to the court.  Inmates may not give "signatory

consent" to other pro se inmates to litigate cases for them.  Thus, Sturgis must personally sign

any documents filed on his behalf.  *See* Fed. R. Civ. P. 11(a).

C.    **Sturgis may continue with this lawsuit.**

Because Sturgis is not subject to vexatious litigant pre-filing orders he may proceed with

this lawsuit if he so chooses.  But before he can proceed, Sturgis will have to satisfy the matter of

the filing fee and file a complaint.  The magistrate judge's order required Sturgis to file an

application to proceed in forma pauperis, and a complaint by September 22, 2025, which Sturgis

failed to do.  Because Sturgis may have been confused about whether Houston could submit

documents on his behalf, I will give Sturgis a one-time extension to comply with the magistrate

judge's order.  If he wishes to continue this case, Sturgis must file a complete application to

proceed in forma pauperis, or pay the $405 filing fee in full, and file a complaint by **November**

**3, 2025**.

3

## II.    CONCLUSION

I THEREFORE ORDER that plaintiff Matthew Travis Houston is dismissed without prejudice from this case for failing to comply with this court's vexatious litigant pre-filing order.

I FURTHER ORDER that the complaint that Houston filed (ECF No. 4) is dismissed without prejudice, and the application to proceed *in forma pauperis* that Houston filed (ECF No. 5) is denied without prejudice.

I FURTHER ORDER that plaintiff Robert Sturgis has **until November 3, 2025**, to either pay the full $405 filing fee or file fully complete individual applications to proceed in forma pauperis with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison or jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

I FURTHER ORDER that plaintiff Robert Sturgis has **until November 3, 2025**, to file a complaint pertaining solely to whatever claims he wishes to bring in this case.

Sturgis is cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order.  A dismissal without prejudice allows Sturgis to refile the case with the court, under a new case number, when he can file a complete application to proceed in forma pauperis or pay the required filing fee and submit a proper complaint.

The Clerk of the Court will send Robert Sturgis: (1) the approved form for filing a § 1983 complaint with instructions; (2) a copy of the initiating documents and the complaint filed by

/ / / /

/ / / /

Houston (ECF Nos. 1, 4); and (3) the approved form application to proceed in forma pauperis for an inmate and instructions for the same.

Dated: October 6, 2025

_____

Andrew P. Gordon
Chief United States District Judge