UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT STURGIS, | Case No.: 2:25-cv-01265-APG-BNW |
| Plaintiff | **Order Striking Matthew Houston's Filing** |
| v. | [ECF No. 8] |
| JAMES DZURENDA, et al., | |
| Defendants | |

On October 7, 2025, I entered an order dismissing Matthew Travis Houston from this action and instructing the remaining plaintiff Robert Sturgis on how to proceed (if Sturgis would like to do so). ECF No. 6. A week later, Houston submitted a filing titled, "Removal of Previous Co-Plaintiff R. Sturgis and Motion for Appointment of Counsel [and] Motion for Extension of Time." ECF No. 8. This filing includes pages that Houston has filed in at least one other case. *Compare* ECF No. 8 at 2–3, *with Houston v. Wiese II, et al*, 2:25-cv-01364, ECF No. 1-1 at 25–26. And Houston claims to have signed and submitted this filing on behalf of fellow inmate Hunter Haddaway, with Haddaway's consent. *See* ECF No. 8 at 1, 5. I now explain that Houston's most recent filing is improper and strike it from the docket.

As a result of my prior order, Houston is not a party in this case. ECF No. 6 at 4. And as explained in that order (and on numerous other occasions), Houston is subject to a vexatious litigant pre-filing order issued by Judge Dorsey that requires him to satisfy certain conditions before filing a new action in this court "using any pages he has already filed in another case."[1]

---

[1] Those conditions are that Houston: (1) apply to the Chief Judge for leave to file the document by submitting to the clerk's office an application bearing the title, "Application to Chief District Judge Seeking Leave to File"; (2) include a supporting declaration from Houston under penalty

*See Houston v. Encore Event Technologies, et al.*, No. 2:22-cv-01740-JAD-EJY, ECF No. 30 at 8 (D. Nev. Oct. 24, 2023). My prior order also clearly explained that a pro se inmate cannot sign or submit a filing on behalf of another inmate (even if the other inmate consents), as all pro se parties must personally sign each document submitted to the court. *See* ECF No. 6 at 2–3.

Houston's most recent filing violates my prior order and Judge Dorsey's vexatious litigant pre-filing order. That is, Houston's filing is: (1) made in a case in which Houston is not a party; (2) not in compliance with (and indeed, an apparent attempt to circumvent) his vexatious litigant pre-filing order; and (3) an attempt to litigate on behalf of another inmate. So, I strike this filing from the docket.

I THEREFORE ORDER that Matthew Travis Houston's most recent filing (ECF No. 8) is stricken from the docket.

I FURTHER ORDER that Matthew Travis Houston may not file any further documents in this case.

I FURTHER ORDER that the instructions and deadlines for plaintiff Robert Sturgis in my prior order remain in effect.

Dated: October 17, 2025

_____
Chief United States District Judge

---

of perjury stating that (a) the matters asserted in the new complaint or petition are different from those asserted in the actions he has previously filed in this district, (b) the new claim or claims are not frivolous or made in bad faith, and (c) he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims; and (3) attach a copy of Judge Dorsey's order to any such application. *Houston v. Encore Event Technologies, et al.*, No. 2:22-cv-01740-JAD-EJY, ECF No. 30 at 8 (D. Nev. Oct. 24, 2023).